IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| ANDREAS PLONKA, | : | | |
| | : | | |
| **Plaintiff,** | : | | |
| | : | CIVIL ACTION | |
| v. | : | | |
| | : | NO. 13-7560 | |
| U.S. AIRWAYS, | : | | |
| | : | | |
| **Defendant.** | : | | |
| | : | | |

**MEMORANDUM**

**Tucker, C.J.**                                                              **October 27, 2015**

Presently before the Court is Defendant US Airways' Motion for Summary Judgment

(Doc. 23) and *pro se* Plaintiff Andreas Plonka's Response in Opposition (Doc. 25).  Upon careful

consideration of the parties' submissions and exhibits and for the reasons set forth below, this

Court will GRANT Defendant's motion.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On June 19, 2012, Plaintiff Andreas Plonka flew from Philadelphia, Pennsylvania to

Frankfurt, Germany on Flight 702, operated by Defendant US Airways.  The aircraft on which

Plaintiff flew was an Airbus A330-200 bearing US Airways tail number 0281 ("Subject

Aircraft").  Plaintiff was seated in the economy cabin of the Subject Aircraft.  Underneath the

seat in front of Plaintiff was an in-flight entertainment ("IFE") box, a hard plastic box that

housed the wiring for seat-back entertainment systems.  An IFE box was affixed under one seat

in each group of contiguous seats such that the Subject Aircraft had a total of ninety IFE boxes.

Airbus, the manufacturer of the Subject Aircraft, installed the entertainment systems and

IFE boxes in compliance with a design approved by the Federal Aviation Administration

1

("FAA").  Airbus delivered the Subject Aircraft to US Airways with the IFE boxes pre-installed

and US Airways did not alter the design or placement of the IFE boxes between the date of

delivery and the date of the flight at issue.  The IFE box in front of Plaintiff, which was bolted to

the seat, was on the floor next to Plaintiff's right leg.  During takeoff, Plaintiff's leg struck the

IFE box and he sustained an injury to his leg.

Plaintiff filed a Complaint against US Airways on December 23, 2013 and an Amended

Complaint on March 16, 2015.  Plaintiff sought compensatory damages for his injury.  The Court

denied US Airways' motion to dismiss on June 2, 2015.  After a period of discovery, US

Airways filed the present motion for summary judgment and Plaintiff filed a response in

opposition.

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if

the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law."  A "material" fact is one "that might affect the outcome

of the suit under the governing law[.]"  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986).  A dispute over a material fact is "genuine" if "the evidence is such that a reasonable jury

could return a verdict for the nonmoving party."  *Id.*

The movant has the initial burden of "identifying specific portions of the record that

establish the absence of a genuine issue of material fact."  *Santini v. Fuentes*, 795 F.3d 410, 416

(3d Cir. 2015).  If this burden is met, the nonmoving party has the burden to "go beyond the

pleadings and come forward with 'specific facts showing that there is a genuine issue for trial.'"

*Id.* (emphasis omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

578 (1986)).  In considering a motion for summary judgment, the court must construe all

evidence in the light most favorable to the nonmoving party.  *Santini*, 795 F.3d at 416.

## III.   DISCUSSION

Plaintiff's claim arises under the Convention for the Unification of Certain Rules for

International Carriage by Air ("Montreal Convention").  The Montreal Convention is an

international treaty that covers "all international carriage of persons, baggage or cargo performed

by aircraft for reward" and provides for the rights and liabilities of international air carriers and

passengers.  Montreal Convention art. 1, May 28, 1999, S. Treaty Doc. No. 106-45, 1999 WL

33292734, at *29, ICAO Doc. 9740.  Article 17 governs liability for personal injury:

> The carrier is liable for damage sustained in case of death or bodily injury of a
> passenger upon condition only that the accident which caused the death or injury
> took place on board the aircraft or in the course of any of the operations of
> embarking or disembarking.

Montreal Convention art. 17, S. Treaty Doc. No. 106-45, 1999 WL 33292734, at *33.  Under this

provision, the carrier is liable when three conditions are satisfied: (1) a passenger suffers bodily

injury (2) in an accident that occurred (3) while on board, embarking, or disembarking.

*Terrafranca v. Virgin Atlantic Airways Ltd.*, 151 F.3d 108, 110 (3d Cir. 1998) (citing *Eastern*

*Airlines, Inc. v. Floyd*, 499 U.S. 530, 535-36 (1991)).

The primary question here is whether Plaintiff's injury was caused by an "accident" as

defined under the Montreal Convention.  An "accident" is "an unexpected or unusual event or

happening that is external to the passenger."  *Air France v. Saks*, 470 U.S. 392, 405 (1985)

(interpreting identical language from the Warsaw Convention, which preceded the Montreal

Convention); *cf.* Montreal Convention art. 17 note, S. Treaty Doc. No. 106-45, 1999 WL

33292734, at *16 ("It is expected that this provision will be construed consistently with the

precedent developed under the Warsaw Convention and its related instruments.").  The Montreal

3

Convention refers to "an accident *which caused* the passenger's injury, and not to an accident which *is* the passenger's injury." *Air France*, 470 U.S. at 398.  "This definition [of 'accident'] should be flexibly applied after assessment of all the circumstances surrounding a passenger's injuries." *Id.* at 405.  "But when the injury indisputably results from the passenger's own internal reaction to the usual, normal, and expected operation of the aircraft, it has not been caused by an accident[.]" *Id.* at 406.

The parties do not dispute the material facts.  On Plaintiff's flight, up to ninety passengers including Plaintiff were seated behind an IFE box.  Fesenmyer Decl., ¶¶ 23-30, Doc. 23-3; Plonka Dep. 48:3, Sept. 18, 2015, Doc. 23-2.  The installation of the IFE boxes was in compliance with an FAA-approved design.  Fesenmyer Decl., ¶¶ 18-19.  The IFE box in front of Plaintiff's seat was not defective or altered in any way.  Fesenmyer Decl., ¶ 21; Plonka Dep. 49:19-22.  Plaintiff's injury occurred when his leg struck the IFE box during takeoff.  Plonka Dep. 488:23-25.

The Court finds that Plaintiff's leg injury did not result from an "accident" and US Airways is not liable.  Seating Plaintiff in a seat where an IFE box was affixed was not an "unexpected or unusual event or happening" since the IFE box was part of the Suspect Aircraft's approved design and up to eighty-nine other passengers were similarly seated.  *See Air France*, 470 U.S. at 405.  In analogous cases, courts have held that an airline is not liable for injuries arising from the normal arrangement and operation of aircraft seats.  *See, e.g., Potter v. Delta Air Lines, Inc.*, 98 F.3d 881, 884 (5th Cir. 1996) (finding that a fully reclined seat is not an unusual or unexpected event or happening on an airplane); *Zarlin v. Air France*, No. 04-CV-07408, 2007 WL 2585061, at *4 (S.D.N.Y. Sept. 6, 2007) (stating that the sudden, violent reclining of a seat was unlikely to be an "accident" under the Warsaw Convention, but denying summary judgment

on other grounds); *Louie v. British Airways, Ltd.*, No. A01-0329, 2003 WL 22769110, at \*6 (D. Alaska Nov. 17, 2003) (finding that a comfortable seat with a leg rest is not an unexpected or unusual event in business class). *But cf. Phifer v. Icelandair*, 652 F.3d 1222, 1224 (9th Cir. 2011) (finding FAA requirements to be relevant to a district court's "accident" analysis, but not dispositive).

Plaintiff argues that "regardless of the unusual behavior or not, the plaintiff suffered the injury and is still suffering from it." Pl.'s Resp. in Opp'n to Def.'s Mot. for Summ. J., Doc. 25. He concludes, without citation to case law, that "US Airways is responsible and should compensate the plaintiff for it." *Id.* According to the Supreme Court, however, "it is the cause of the injury—rather than the occurrence of the injury—that must satisfy the definition of 'accident.'" *Olympic Airways v. Husain*, 540 U.S. 644, 650 (2004) (examining the Supreme Court's decision in *Air France v. Saks*, 470 U.S. 392 (1985)). Though this Court is sympathetic to Plaintiff's plight, no legal redress is available because the cause of Plaintiff's injury was not an "accident" under the Montreal Convention.

## IV.    CONCLUSION

For the reasons explained herein, the Court concludes that Plaintiff's injury did not arise from an "accident" under the Montreal Convention. Accordingly, US Airways' motion for summary judgment is GRANTED. An appropriate order follows.